## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| **JASON BEGIN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:16-cv-00092-JAW** |
| | ) | |
| **LAURA DROUIN and the CITY OF** | ) | |
| **AUGUSTA, MAINE** | ) | |
| | ) | |
| **Defendants** | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
## AND JURY TRIAL DEMAND

NOW COME Defendants City of Augusta, Maine and Laura Drouin ("Defendants") and answers Plaintiff's Complaint as follows:

### The Parties

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore deny the same.

2.     Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.     Defendants admit the allegations contained in paragraph 3 of the Complaint.

### Jurisdiction and Venue; Jury

4.     The allegations contained in paragraph 4 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.     The allegations contained in paragraph 5 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.     No response is required to the allegation contained in paragraph 6 of the Complaint.

**<u>Background Facts</u>**

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore deny the same.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore deny the same.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore deny the same.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore deny the same.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore deny the same.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore deny the same.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore deny the same.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore deny the same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore deny the same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore deny the same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore deny the same.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore deny the same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore deny the same.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore deny the same.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore deny the same.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore deny the same.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore deny the same.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore deny the same.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore deny the same.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore deny the same.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore deny the same.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore deny the same.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore deny the same.

35.     Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.      Defendants admit the allegations contained in paragraph 37 of the Complaint.

38.     Defendants admit the allegations contained in paragraph 38 of the Complaint.

39.     Defendants admit the allegations contained in paragraph 39 of the Complaint.

40.     Defendants admit the allegations contained in paragraph 40 of the Complaint.

41.     Defendants admit the allegations contained in paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in paragraph 42 of the Complaint.

43.     Defendants admit that the conversation took place in the waiting area, and are without knowledge or information as to how long Plaintiff waited.

44.     Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.     Defendants admit that Plaintiff said this at least one time and are without knowledge or information as to whether he said it repeatedly.

46.     Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.     Defendants admit the allegations contained in paragraph 47 of the Complaint.

48.     Defendants admit that Plaintiff stood up after being informed that he had no choice and are without knowledge or information as to how long he lived outside the facility.

49.     Defendants admit the allegations contained in paragraph 49 of the Complaint.

50.     Defendants admit the allegations contained in paragraph 50 of the Complaint.

51.     Defendants admit the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants are without knowledge or information as to timing but admit Officer Drouin shot him three times.

54.     Defendants admit that Plaintiff was hit three times and are without knowledge or information as to his exact injuries.

55.     Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.     Defendants admit the allegations contained in paragraph 56 of the Complaint.

57.     Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.     Defendants admit the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants admit the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants admit that Officer Drouin got one handcuff on Plaintiff.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and therefore deny the same.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore deny the same.

**Count I**
**(42 U.S.C. § 1983 – Officer Drouin)**

65.     Defendants repeat and reallege their responses contained in paragraphs 1 through 64 herein.

66.     The allegations contained in paragraph 66 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants admit the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, plus costs of suit.

**Count II**
**(Battery – Officer Drouin)**

72.      Defendants repeat and reallege their responses contained in paragraphs 1 through 71 herein.

73.      Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and therefore deny the same.

75.      Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.      Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.      The allegations contained in paragraph 77 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 77 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, plus costs of suit.

**Count III**
**(Negligence – Officer Drouin)**

78.      Defendants repeat and reallege their responses contained in paragraphs 1 through 77 herein.

79.      The allegations contained in paragraph 79 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 79 of the Complaint

80.      Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.      Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     The allegations contained in paragraph 82 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 82 of the Complaint

WHEREFORE, Defendants demand judgment in their favor, plus costs of suit.

### Count IV
### (Vicarious Liability – The City)

83.     Defendants repeat and reallege their responses contained in paragraphs 1 through 82 herein.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     The allegations contained in paragraph 85 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 85 of the Complaint

WHEREFORE, Defendants demand judgment in their favor, plus costs of suit.

### <u>Affirmative Defenses</u>

1.     Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3.     Defendants affirmatively defend by stating that their conduct was privileged.

4.     Plaintiff has failed to mitigate his own damages.

5.     Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6.     Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7.     Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

8.     If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

9.     Any action taken by these Defendants was based upon probable cause and/or exigent circumstances.

10.    Defendant municipality has no liability for damages because the conduct of its employee did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiff's damages.

11.    Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

12.    No clearly established rights of Plaintiff were violated by Defendants' actions.

13.    The amount of force used by Defendant Drouin was objectively reasonable in light of the facts and circumstances surrounding the incident and the emergency situation with which she was faced.

14.    The amount of force used, if any, by Defendant Drouin was only that amount which she subjectively believed was reasonable and necessary under the circumstances.

15.    Plaintiff's claims are barred by the doctrine of estoppel and/or preclusion.

16.    Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom.

17.     An objectively reasonable police officer in the position of Officer Drouin, and faced with the circumstances with which she was faced, would have deemed the use of deadly force lawful and necessary.

18.     Officer Drouin's use of deadly force did not violate Constitutional prohibitions on the use of unreasonable force against a person, but if it did an objectively reasonable police officer in her position would not have known the use of deadly force in these circumstances was unreasonable.

### JURY DEMAND

Defendants City of Augusta and Drouin hereby demand a trial by jury pursuant to F.R.Civ.P. 38(b).

Dated at Portland, Maine this 7th day of April, 2016.

                                                       */s/ Edward R. Benjamin, Jr.*
                                                       Edward R. Benjamin, Jr.

                                                       */s/ Kasia S. Park*
                                                       Kasia S. Park

                                                       Attorneys for Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on **April 7, 2016**, I electronically filed **Defendants' Answer and Demand for Jury Trial** with the Clerk of the Court using the CM/ECF system.  I further certify foregoing document was served on all parties of record through the CM/ECF system.

/s/ Edward R. Benjamin, Jr.
Edward R. Benjamin, Jr.
Attorney for Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com

11