# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON BEGIN, | ) | |
| Plaintiff | ) ) ) | |
| | ) | 1:16-cv-00092-JCN |
| v. | ) ) | |
| LAURA DROUIN, | ) ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION FOR JURY VIEW

In this action in which Plaintiff alleges Defendant, a law enforcement officer, used excessive force when Defendant shot and injured him on January 12, 2015, in Augusta, Maine, Defendant asks the Court to permit the jury to view the scene of the incident. (Motion, ECF No. 46.) Defendant maintains that a view "will enhance [the jury's] ability to fully understand some of the critical issues in the case." (Motion at 1.)

After consideration of Defendant's arguments, the Court denies the motion.

### DISCUSSION

The decision whether to permit a jury view is "entrusted to the sound discretion of the trial court." *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997). The discretion afforded the trial court is consistent with the trial court's authority to decide "matters relating to the orderly conduct of the trial and the mode of presenting evidence." *United States v. Passos–Paternina*, 918 F.2d 979, 986 (1st Cir. 1990).

In its assessment of a request for a view, a court considers various factors including "the orderliness of the trial, whether the jury would be confused or misled, whether it would

be time-consuming or logistically difficult, and whether cross-examination had been permitted regarding the details of the scene." *Cochiere*, 129 F.3d at 236. A court also considers whether "the view would . . . have 'presented any clearer view of the evidence than was achieved through the use of photographs' at trial." *United States v. Pettiford*, 962 F.2d 74, 76 (1st Cir. 1992). Furthermore, a court should be mindful that a view will require additional security precautions and could increase the trial time for court personnel. *See Rooney v. Sprague Energy Corp.*, 495 F. Supp. 2d 135, 138 (D. Me. 2007).

In this case, the scene consists of an office on the second floor of a building in Augusta. The relevant space is one room and the hallway outside the room. The space is currently unoccupied. The building includes other occupied offices, including offices in which medical services are provided. The location is approximately 75 miles from the courthouse. Defendant contends that photographs or a video recording would not provide the same understanding of or appreciation for the location as a view would. (Motion at 3.)

Given the location of the scene, the logistics of a view would be challenging. A view would require the jury, security personnel, and court personnel to travel for approximately an hour and fifteen minutes one-way. The time for the view is not insignificant. While the length of time for the view is not controlling, it is a relevant factor. If the Court granted the request, a substantial portion of a trial day would be consumed by the view.

To access the scene on the second floor of the building, the jury and court personnel would undoubtedly encounter individuals who either work in the building or are consumers of the services offered by the occupants of the building. A view thus would not only

2

generate challenges for security personnel, but also for the Court in its effort to ensure the integrity of the process, particularly without disrupting the work of the occupants of the building.

Finally, given the ability to produce quality images of the scene that current technology allows, including through photographs and video recordings, the Court concludes that the parties can depict the scene in an accurate, helpful way for the jury without a view. That is, the parties can effectively convey to the jury an accurate sense of the scene through other means.

In short, while the Court understands the reasons Defendant requested a view, the Court is not persuaded that a view is necessary or appropriate in this case.

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendant's motion for a jury view.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of April, 2019.