UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON BEGIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00092-JCN |
| | ) | |
| LAURA DROUIN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

Defendant moves to exclude as evidence at trial the Augusta Police Department's Standard Operating Procedures regarding the use of force and the response to a person experiencing a mental health crisis. (Motion, ECF No. 58.) After consideration of the parties' arguments, the Court grants in part and denies in part the motion.

### DISCUSSION

Defendant argues that the Department's Situational Use of Force, SOP No. 13A, and the Department's Responses to Behavior of Person in Mental Health Crisis; Protective Custody, SOP No. 41C, are not relevant to the jury's assessment of whether Defendant's use of force was objectively reasonable under the Fourth Amendment. Alternatively, Defendant contends any probative value of the policies is outweighed by the risk of unfair prejudice to Defendant and the potential to confuse and mislead the jury.

As both parties acknowledge, police enforcement practices are not determinative of the reasonableness of an officer's actions under the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 815-16 (1996). The policies, however, are not irrelevant to

the assessment of an officer's conduct.  Given that the policies are designed to govern and guide an officer's conduct in certain situations, policies regarding police enforcement practices can be relevant to an assessment of the reasonableness of the officer's conduct.

In this case, Plaintiff alleges that given the circumstances Defendant encountered on January 12, 2015, Defendant's decision to use deadly force violated the protections of the Fourth Amendment.  The Department's use of force policy, on which Defendant was trained, is relevant to the jury's evaluation of Defendant's conduct.  In addition, because Defendant was trained on the policy, the probative value outweighs any prejudice to Defendant or potential for jury confusion.

Based on the Court's understanding of the anticipated evidence at trial, however, the Department's policy regarding the response to an individual in a mental health crisis appears to have little, if any, relevance to the situation Defendant encountered.  The policy is evidently designed to govern and guide an officer in the assessment of whether a person might require protective custody, through either a voluntary or an involuntary process.  On January 12, 2015, Defendant was present to assist the Assertive Community Treatment Team of the Riverview Psychiatric Center in the event Plaintiff became uncooperative when he learned that he would be returning to Riverview.  Given that the team included medical professionals, including at least one mental health professional, who would presumably assess and address Plaintiff's mental health needs, and given that the team had already determined that Plaintiff would be re-admitted to Riverview, the policy does not

appear to have much relevance to the situation. To the extent the policy has any relevance, its probative value is outweighed by the potential to confuse or mislead the jury.

## CONCLUSION

Based on the following analysis, the Court grants in part and denies in part Defendant's Motion in Limine. The Court grants the motion as to and excludes from evidence the Augusta Police Department's Responses to Behavior of Person in Mental Health Crisis; Protective Custody, SOP No. 41C. The Court denies the motion as to the Augusta Police Department's Situational Use of Force, SOP No. 13A.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of May, 2019.