UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JASON BEGIN,                )
                            )
    Plaintiff               )
                            )    1:16-cv-00092-JCN
v.                          )
                            )
LAURA DROUIN,               )
                            )
    Defendant               )

## ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THIRD-PARTY PAYMENT OF MEDICAL EXPENSES

Plaintiff asks the Court to exclude at trial evidence of the amount paid by MaineCare for Plaintiff's medical care. (Motion, ECF No. 47.) Plaintiff argues that introduction of the payment would be contrary to the collateral source rule and would otherwise confuse the jury and unfairly prejudice Plaintiff.

Plaintiff claims to have incurred medical bills in the approximate amount of $340,000 to treat the injuries he sustained as the result of Defendant's use of deadly force on January 12, 2015. MaineCare[1] made significant downward adjustments to the charges and paid approximately $130,000 (i.e., about 40%) of the expense. Defendant argues the amount paid by MaineCare should be admissible for the jury to consider in its assessment of the reasonableness of the charges.

After consideration of the parties' arguments, the Court grants Plaintiff's motion.

---

[1] MaineCare is the State of Maine's version of Medicaid, a program jointly funded by the state and federal governments in accordance with the Social Security Act. *See Fryeburg Healthcare v. Dep't of Human Servs.*, 1999 ME 122, ¶ 2, 734 A.2d 1141.

## DISCUSSION

Actions brought pursuant to 42 U.S.C. § 1983 are "governed by appropriate 'laws of the United States,' but if such laws are unsuitable or inadequate, state-law rules are borrowed unless a particular state rule is 'inconsistent with the Constitution and laws of the United States.'" *Chardon v. Fumero Soto*, 462 U.S. 650, 655-6 (1983), *quoting* 42 U.S.C. § 1988(a). "There can be no doubt that § 1983 actions create tort liability with damages determined under the common law of torts." *Santiago-Negron v. Castro-Davila*, 865 F.2d 431, 440 (1st Cir. 1989).

Both state and federal common law permit a plaintiff to recover for the reasonable value of medical services rendered. Justice Alexander, in his authoritative book on Maine jury instructions, suggests the following instruction to govern a jury's consideration of an award of damages for medical expenses:

> Medical expenses include the reasonable value of medical services, including; examination and care by doctors and other medical personnel, hospital care and treatment, medicine and other medical supplies shown by the evidence to have been reasonably required and actually used in treatment and care of the plaintiff, plus a sum to compensate the plaintiff for any medical care, medicines and medical supplies which you find are reasonably certain to be required for future treatment and care of the plaintiff caused by the defendant's negligence.

Donald G. Alexander, MAINE JURY INSTRUCTION MANUAL, § 7-108 (2012 ed.). Likewise, the First Circuit has acknowledged that "'medical expenses … must be proved by evidence demonstrating the reasonable value of those'" services. *Mejias-Quiros v. Maxxam Property Corp.*, 108 F.3d 425, 428 (1st Cir. 1997) (quoting *Williams v. Missouri Pac. R.R. Co.*, 11 F.3d 132, 135 (10th Cir. 1993)).

Both federal common law and Maine state law also recognize the collateral source rule. *See, e.g., Gill v. Maciejewski*, 546 F.3d 557, 564-5 (8th Cir. 2008); *Grover v. Boise Cascade Corp.*, 2004 ME 119, 860 A.2d 851. The Maine Law Court explained that

> [t]he collateral source doctrine provides that a plaintiff who has received compensation for her damages from sources independent of the tortfeasor remains entitled to a full recovery. The evidence is excluded because of the substantial likelihood of prejudicial impact.

*Grover*, 2004 ME 119, ¶ 24, 860 A.2d at 859 (citing *Hoitt v. Hall*, 661 A.2d 669, 673 (Me. 1995) and *Werner v. Lane*, 393 A.2d 1329, 1337 (Me. 1978)) (internal quotations omitted).

Defendant does not dispute that evidence that Plaintiff was a MaineCare recipient and that MaineCare paid a portion of the medical bills is inadmissible. Instead, Defendant argues that in determining the reasonable value of the medical services rendered to Plaintiff, the jury should be permitted to consider "all the evidence that is probative of reasonableness, including evidence of the amounts charged, the downward contractual adjustments, and amounts actually paid." (Response, ECF No. 51, at 2.) Defendant also notes that the "MaineCare payments made on behalf of Plaintiff represent full and final payment of his medical bills and he is not, and cannot be, responsible to pay the total amount charged by his medical providers." (Response at 2.) Defendant contends that evidence of the downward adjustments and the amount paid, which is significantly less than the amount of the provider's charges, are highly probative of the reasonableness of the medical expenses. (*Id.*)

As this Court has recognized, in Maine, "'a plaintiff who has received compensation for her damages from sources independent of the tortfeasor remains entitled to a full

recovery.'" *Hinton v. Outboard Marine Corp.*, 1:09-cv-00554-JAW, 2012 U.S. Dist. LEXIS 7814, *3-*4 (D. Me. Jan. 24, 2012) (quoting *Grover*, 2004 ME 119, ¶ 24, 860 A.2d at 859). The Law Court explained:

> If the plaintiff was himself responsible for the benefit, as by maintaining his own insurance …, the law allows him to keep it for himself. If the benefit was a gift to the plaintiff from a third party or established for him by law, he should not be deprived of the advantages that it confers. The law does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him. One way of stating this conclusion is to say that it is the tortfeasor's responsibility to compensate for all harm that he causes, not confined to the net loss that the injured party receives.

*Hoitt*, 661 A.2d at 673 (quoting Restatement (Second) of Torts § 920A cmt. b (1979)).

The Law Court has not addressed the question of whether it is permissible for the factfinder to consider the amount paid. *See Hinton*, 2012 U.S. Dist. LEXIS 7814, at *5. Several Maine Superior Court decisions have addressed the issue, however, and have reached different conclusions.

Some courts have held that, because the reasonableness of medical expenses is a question for the jury, evidence of both the amount billed and the amount paid for medical services are appropriate for the jury's consideration. *See, e.g., Gilbert v. Lembark*, No. CV-11-31, 2014 WL 8094624, at *2 (Me. Super. Nov. 20, 2014); *Barnard v. Condon*, No. CV-2013-014, 2015 WL 112518634, at *2 (Me. Super. Oct. 15, 2015). Other courts have viewed the issue differently. In *Dolan v. Dodge*, No. CV-14-28, 2016 Me. Super. LEXIS 16 (Me. Super. Feb. 9, 2016), the court considered whether to admit into evidence the amount paid by MaineCare on the issue of the reasonableness of the claimed medical bills. The court found "that to allow not only the billed amount for medical expenses into

evidence but also the amount of the 'paid' bill without divulging the source of the payments would undoubtedly be confusing to a jury, with any attempt to explain the compromised payment leading to an undermining, if not violation, of the collateral source rule." *Id*. at *7.

The *Dolan* court noted:

> Certainly there are reasonable arguments to the contrary, with probably the best one being that "the collateral source rule should not extend so far as to permit recovery for sums neither the plaintiff nor any collateral source will ever be obligated to pay…. However, the collateral source rule has been the law in [Maine] for nearly 40 years. The Legislature has shown it can modify or limit the collateral source rule in certain circumstances if it sees fit to do so …. To date it has not done so in personal injury cases not involving actions for professional negligence.

*Dolan*, 2016 Me. Super. LEXIS 16, at *9 (citations omitted).

Another court, in declining to limit the reasonable value of medical expenses to the amount actually paid by MaineCare, explained:

> To accept defendant's position, this court would have to rule that the reasonable value of the medical care received by plaintiff is the amount paid by MaineCare. Given the federal and state payment schemes, this simply is not the case since reimbursement rates are often based on administrative rulemaking and vary greatly depending on the service and provider. Furthermore, reimbursement rates are set for public purposes as much as any other factor. Reimbursement rates are not set with an eye towards what is fair and reasonable; but rather, what the public purse can barely afford to provide the most amount of coverage for the most amount of people.

*Michaud v. Raceway Gov't Realty*, CV-07-115, 2008 Me. Super. LEXIS 255, *3-4 (Me. Super. Aug. 4, 2008).

The United States District Court for the District of New Hampshire has also expressed concern that use of the amount paid as evidence of reasonable value would be

5

"an end-run around the collateral source rule, as a number of courts have concluded in upholding the exclusion of what a third party paid toward medical expenses as evidence of their value." *Aumand v. Dartmouth Hitchcok Med.Ctr.*, 611 F. Supp. 2d 78, 91 (D. N.H. 2009) (collecting cases). The court observed that other courts that have declined to admit the amount paid as evidence of reasonableness "have generally reasoned that, while evidence of what was actually paid in satisfaction of the bills has some probative force as to the value of the plaintiff's medical expenses, the risk is simply too great that the jury will improperly subtract those payments from the plaintiff's recovery in violation of the collateral source rule." *Id*.

The Court finds the reasoning of the courts that have declined to admit evidence of the amount paid to be persuasive and consistent with federal and state common law. First, the Court is not convinced that the premise upon which Defendant seeks to introduce the amount paid by MaineCare – that the amount paid is probative of the reasonableness of the charges – is sound. The Court has been presented with no evidence that would support the conclusion that the amount paid by MaineCare can fairly be construed as reasonable for the services rendered. As the court in *Michaud* recognized, the MaineCare reimbursement rate is likely based on factors completely unrelated to the value of the services rendered. To permit the introduction of the amount paid would place Plaintiff in the untenable position of having to decide whether to disclose that the bills were paid by a third-party, and thus minimize or eliminate the benefit of the collateral source rule, in order to explain the reasons the amount paid in satisfaction of the charges does not represent the reasonable value of the services.

In addition, to permit the jury to consider the amount paid would invite speculation as to the source of the payment, which speculation could cause the jury to award Plaintiff little or nothing for medical expenses in the event the jury finds in favor of Plaintiff on liability. Contrary to Defendant's contention, the collateral source jury instruction proposed by Defendant and found in Justice Alexander's jury instruction manual would not sufficiently address the risk. The instruction is designed principally to caution the jury not to speculate that funds from another source, including insurance, might be available to pay for some of the claimed expenses. If the amount paid is admitted into evidence, the jury will not have to speculate that other funds are available; the jury will have essentially been told that other funds are available. That is, particularly when the amount paid is substantial, as in this case, the risk is significant that the jury would conclude that the amount was paid by a third-party insurer and thus reduce the amount of Plaintiff's recovery, in the event of a Plaintiff's verdict. In other words, introduction of the amount paid would, as the court in *Aumand* observed, result in "an end-run around the collateral source rule."

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion to exclude evidence of the amount MaineCare paid toward Plaintiff's medical expenses.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of May, 2019.